CHARLES McCONNELL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF FRANCIS McCONNELL, DECEASED, APPELLANT, v. JOHN McCULLOUGH, RESPONDENT.

*An action to compel a defendant to convey property held by him to the plaintiff, upon the ground that he acquired the title thereto as trustee for the plaintiff, is not an action for the recovery of real property within the meaning of section 1525 of the Code of Civil Procedure, and the plaintiff if defeated on the first trial is not entitled to a second one.*

APPEAL from an order denying a motion made by the plaintiff for a new trial.

The plaintiff claimed in this action, which was commenced December, 1885, that certain property in the city of Brooklyn, which, at a sale made by the surrogate of Kings county for the payment of debts, was bought by the defendant in March, 1879,

was so bought under an agreement made by the defendant with the plaintiff, that the purchase was for the benefit of the plaintiff, and that the property had been, since the purchase, and was at the time of the commencement of the action, held by the defendant in trust for the plaintiff.

The defendant had paid the purchase-price for the property out of his own money, and had paid to the plaintiff his share of the purchase-money as a beneficiary of the estate of which the defendant was executor, and which was one of the creditors of the party whose real estate was sold. The defendant had also out of his own money paid the mortgages, taxes and other expenses of the property, and no portion of this had ever been repaid. The prayer of the com plaint was for judgment, that the conveyance was to the defendant as trustee for the plaintiff, and that the title was in the defendant as such trustee, and that he be compelled to convey the same to the plaintiff.

Upon the trial of the action, judgment was rendered herein by the Special Term in favor of the defendant, upon the ground that the plaintiff was estopped from claiming the property by reason of his failure to demand the return of the property within a reasonable time, and also by the receipt of the shares of the money, which were proceeds of the sale of the property, and known to be such. The said judgment was entered February 1, 1887, and no appeal was taken therefrom but upon consent of the attorney for the plaintiff, by order of March 17, 1887, the notice of pendency of the action was canceled and discharged of record. Subsequently, and in May, 1887, a motion was made for a new trial, pursuant to chapter 14, title 1, article 1, section 1525 of the Code of Civil Procedure, on the ground that such action was for the recovery of real property.

The court at General Term said : " This was not an action of ejectment within the meaning of section 1525 of the Code. That section is substantially the same, as (2 R. S. [2d ed.], 235 § 37) there it is made applicable to actions of ejectment. The term had a definite meaning and included only actions at law to recover possession of land strictly. It did not apply to actions of trespass when the verdict might and usually did settle the title to land. It did not include actions in equity to set aside conveyances when the decree would establish or destroy a title to land. The Code has

PEOPLE ex rel. DUNNIGAN v. COMR'S OF POLICE.  407

·Second Department, February Term, 1888.

made no change in the scope of the provision.   The name of the action is changed, or rather abolished.   The action is now called an action to recover the possession of real property.   Since the Code the question has been before the Court of Appeals.   An action had been brought to set aside a deed, because the grantor had not capacity to convey.   The plaintiff had a verdict and a new trial as a right was refused and the Court of Appeals affirmed this order. (*Shumway* v. *Shumway*, 42 N. Y., 143.)   That was a case where clearly the plaintiff could have brought an action of ejectment, strictly or in equity, to declare void the defendant's deed.   Having elected the equitable remedy the right to a new trial under this section did not exist."

The order should therefore be affirmed with costs.

*William M. Benedict* for the appellant.

*David McClure* for the respondent.

Opinion by Barnard, J.; Pratt, J. concurred..

Order refusing new trial affirmed with costs..